Well, next, your argument in López-Avalos. I'm sorry, it's the last one? I think it's the last. Oh, it's the last? Okay. It's the next one? Yeah, it's the next one. Sorry. We've got two Lópezes. Good morning. May it please the Court, my name is Ali Saeedi, and I represent Petitioner Gilberto López-Avalos. Due to the numerous factual and legal errors by the immigration judge in this case, there are critical facts that remain unknown which would have been dispositive on the question of whether or not Mr. Avalos was lawfully admitted for permanent residence before his 1989 convictions. Due to this lack of a clear and complete factual record, this case must be remanded. The I.J. affirmatively ignored potential evidence that could have established that Mr. Avalos received his effective date of adjustment of status prior to his convictions. Can you explain how that's possibly true? Absolutely. Your Honor, in this case, Mr. Avalos's attorney at the immigration court level, Attorney Batista, stated several times that Mr. That wasn't my question. My question is, how could it legally possibly be true that his status could have been adjusted prior to May of 1990? Certainly, Your Honor. This case is not a case rising under the automatic adjustment provisions of the special agricultural worker terms, but, however, it comes under the 245A terms for adjustment from lawful temporary status. Yes. To lawful permanent status. Under the regulations for that part of the Act, the effective date of the adjustment of status is controlled by 8 CFR 245A.3M. Yes. Which states specifically that the adjustment date is either the date of application for lawful permanent residence or the eligibility date. How can it possibly legally be the case that he could have applied for LPR status such that his adjustment would have occurred prior to May of 1990? If the application date that was alleged by Mr. Batista, which was May 4th, 1988, was 19 months or more after the application date for lawful temporary status, then that application date would be the date that his – that he was adjusted to permanent residence, and that would precede the conviction. Well, is there any disagreement about when he got legal temporary status? In fact, the record is absent or void on that issue, Your Honor. The – although Attorney Batista offered the immigration judge the – I'm not talking about when he applied for it. Everybody seems to agree that the status was acquired in May of 1988. Well, I'm not sure that that's so, Your Honor. I believe that that's when the application was granted, but under the effective date provisions for lawful temporary status, that also relates back under 245A.2S to the date that the lawful temporary status was applied for. So that date, that 1988 date, which, again, isn't in the record. There were just statements about it. Well, then there's no dispute about it. Well, there's no evidence in the record either way, Your Honor. And when that's a granted date, it – the date that it was granted, which could have been in 1988. This is the temporary status that I'm talking about now. The date that it was granted does not establish when the start date for the 19-month eligibility period for permanent residence starts. That date goes back to the application date pursuant to 245A.2S. And that's – that's actually, if you look at DeRobles, although it is in the context of establishing the seven years of lawful domicile, they reaffirm in that case that the admission date and adjustment date for purposes of temporary status relates back to the application date for lawful temporary status. Counsel, for purposes of your argument, are you asking us to disregard the declaration of your petitioner that he became an LPR on May 18th, 1990? In respect to that, Your Honor, I'm arguing two things. First of all, I believe that that application was pre-terminated, never signed by the client, and it is not actually part of the evidence. But I'm asking you, are you asking us to disregard his declaration that states that he became an LPR on May 18th, 1990? Isn't that part of the record? Well, Your Honor, although that's part of the administrative record, certainly, I don't believe that that was – that is a conclusive statement that relates to what the legal time of his adjustment was. A declarant, a layperson, when he receives notice that it's been – I'm asking for relief on hypothetical facts that have not been fleshed out in the record. There are two crucial facts that must be known. Well, if they were the facts, then they should be the facts. But you're telling me that, well, if it were this, if it were that. But I don't think that's what – Attorney – I'm sorry. That is what it is. So – Attorney Batista states several times that his position was that an application for permanent residence was made on May 4th, 1988. Well, that's true. I mean, he did. And he was going to pop it in or this or that or the other thing. But the point is that Lopez himself said he got – he was – his status was adjusted in May of 19 – May 18th, 1990. That's – I believe that – I just don't know how you disregard that. I don't believe that that statement, given the fact that the terms of art used in these complicated cases where you're relating back adjustment dates, the grant date or the date that one received notice is not necessarily the date that becomes effective. That's what we learned in – in de Robles. And that's what – if you look at the terms of 245.8.3a1 of the regulations, they use the language that way. But I'm hearing you say there's another way that you could calculate it, and I could come up with a way to calculate it that would give him relief. But this is what he says the date is, and – I believe that what he's referring to, Your Honor, is the date that he – his application  Where does it say that? That's not what the record says. Where does it say that? Well, if we're referring to his declarations, is that what we're talking about? He says, I became a legal permanent resident on May 18th, 1990. It doesn't say I received a notice from the government saying that or anything else. He just says I became it. Well, I would say, first of all, that that was not sworn to. But second of all, that he was not in a position as a nonlawyer to be able to distinguish between when he received notice that his application was granted and when the effective date of his adjustment took place. Was he represented by an attorney at that time? At the time of quarter, at the time of the – At the time he made the declaration, at the time he signed the declaration, was he represented by counsel? I know, Your Honor, that when he submitted the application and that the 212C application did say that it was prepared by counsel. I'm not sure at what point he signed the declaration itself. But I would assume so. I could assume that the attorney went over the declaration for the terms of art. And I would say, Your Honors, that the – everybody in this case, from Mr. Batista to the government attorneys to the I.J., was confused over what procedures to apply in this case. And not one person in this case – I don't see anything much confusing about it. I mean, you know, you've got a presumption of regularity. He says I became a lawful permanent resident on a particular date. And I don't – I mean, I think if there's any confusion, it comes from not paying attention to what's actually facts in the record. It's creative, but – Well, Your Honor, again, what I would say is that the – any statement made by Mr. Avalos in his declaration does not change the actual legal fact of when he, in fact, adjusted. So I'd like to reserve the little time I have left for rebuttal. If that's okay. Sure. Thank you. May it please the Court. Good morning. I'm Manning Evans. I represent the government in this matter. There's never been a request in this case for remand for further evidence. There was never a request for a continuance to obtain further evidence in this case. The immigration judge gave the alien 16 months' notice that he needed to come up with documents to show that he had been admitted as a permanent resident before he committed the crimes in 1989 that barred him from lawfully becoming a permanent resident. He didn't come up with any of that. The Court is absolutely correct to look at his admission, I believe at page 78 of the record, where he concedes the allegation in the notice to appear that he became a lawful permanent resident in May of 1990. He could not become a lawful permanent resident on that date because of his prior convictions. Therefore, he was not eligible for 212C relief. The other issue in this case is whether or not it was proper to rescind his lawful permanent resident status in removal proceedings. The Immigration and Nationality Act directly addresses that in section of Title 8, section 1256, subsection A, the last sentence of that. If the Court has no other questions, I would submit with those assertions. Thank you very much. Very briefly, Your Honors. In terms of the point that counsel just made regarding the facts in the record contained in the declaration, I would also like to point out that those – whether or not that's considered the lawful date for admission of adjustment of status was directly challenged by Mr. Avalos's attorney in court. So notwithstanding the statement in the actual declaration, Mr. Batista said several times not only was the application filed before that date, but that that is the date that he was lawfully admitted. So I believe that what happened in this case is that there was an inconclusive record regarding the dates, the relevant dates for when he adjusted status, and the judge, although at first said that it's obvious that they would need an evidentiary hearing in order to hear what Mr. Avalos said, subsequently cut that entirely off, did not allow any evidentiary hearing, did not even think that any additional evidence or inquiry regarding the dates would make a difference. And I believe in so doing, the Court erred, and the case must be remanded in order to establish a clear factual record. If there's no more questions, thank you very much. Thank you, counsel. The matter just argued will be submitted. And the next case on the argument calendar is Duenas v. Mukasey. Thank you.
judges: Rymer, Rawlinson, Callahan